# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 18, 2021

Lyle W. Cayce
Clerk

No. 21-10435
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERTO MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-519-13

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Roberto Martinez pled guilty to conspiracy to possess with the intent to distribute and distribution of a controlled substance. He now appeals his above-guidelines sentence of 144 months in prison, arguing that the district court should not have considered expert testimony at sentencing regarding

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

whether the heroin supplied to A.B. by Martinez was the but-for cause of A.B.'s death. The basis for Martinez's argument is that the expert testimony allegedly did not comply with Federal Rules of Evidence 702 and 703.

The Federal Rules of Evidence do not apply at sentencing. FED. R. EVID. 1101(d)(3). A sentencing court "may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996) (quotation marks and citation omitted). Whether information relied on at sentencing contains sufficient indicia of reliability is a factual finding reviewed for clear error. *See id.* at 557–58. A finding is not clearly erroneous if "it is plausible in light of the record read as a whole." *United States v. Betancourt*, 422 F.3d 240, 245 (5th Cir. 2005) (quotation marks and citation omitted).

To the extent that Martinez's briefing can be construed as a challenge to the reliability of the expert witness outside of the rubric of the Federal Rules of Evidence, the argument is meritless. The record reflects that the expert testified in detail regarding her qualifications, her methodology, and the facts she relied on in reaching her conclusion. Further, she explained how she ruled out the possibility that other drugs in A.B.'s system could have caused her death. The district court's finding that the expert's testimony contained sufficient indicia of reliability is plausible in light of the record as a whole, and the district court thus did not err by considering her testimony at sentencing. *See Gaytan*, 74 F.3d at 557–58.

AFFIRMED.